## 10010

### SMITH v. HEYWARD *ET AL.*

#### (96 S. E. 389.)

1. EXECUTORS AND ADMINISTRATORS — DEMURRER — MATERIAL MATTERS.— In suit by one of two executors for instructions, demurrer does not lie to collateral averments of complaint showing differences of opinion between the executors.

2. APPEAL AND ERROR — ORDERS APPEALABLE. — In suit by one of two executors for instructions, assuming allegations are irrelevant, the Court's refusal to strike them out is not appealable; their relevancy being easier to determine when all the evidence is in.

Before WISON, J., Greenville, Spring term, 1918.    Appeal dismissed.

Suit by Robert T. Smith, as executor of Elizabeth M. Heyward, deceased, against Julius H. Heyward, as executor of Elizabeth M. Heyward, deceased, as guardian of Elizabeth V. Williamson, and in his own right, and others.   From an order overruling demurrer, and denying motion to strike matter from the complaint, Heyward appeals.

*Mr. L. K. Clyde,* for appellant, cites: *As to misjoinder of independent causes of action:* Code of Procedure (1912), sec. 218; 13 S. C. 324; 105 S. C. 213; 105 S. C. 26; 17 S. C. 163; 26 S. C. 484; 25 S. C. 358; 24 S. C. 39; 13 S. C. 323-325; 13 S. C. 441.

*Mr. Julius H. Heyward,* also for appellant, cites: Code of Procedure (1912), sec. 218.

*Messrs. Miller & Miller* and *Haynsworth & Haynsworth,* for respondent, submit: *The demurrer is fatally defective:* Code, section 195; 44 S. C. 143; 57 S. C. 502; 71 S. C. 7; 80 S. C. 49; 82 S. C. 562; 68 S. C. 257; 87 S. C. 254; Code, sec. 11, subd. 2; 74 S. C. 15; 78 S. C. 562.   *The allegations contained in paragraphs 4, 5 and 6 are relevant to the cause of action set up in the complaint:* 2 Hill's Chancery 215;

Toller's Law of Executors 484; 7 East 246; 1 Hill 4; 3 Richardson's Eq. 132; McM. Eq. 497; 3 Richardson's Equity 318; 8 S. C. 244; 15 S. C. 236.

July 1, 1918.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

This cause has been here once before. 107 S. C. 543, 93 S. C. 195. At the inception of the trial at Greenville as was above ordered, the defendant, Heyward, "demurred to so much of the amended complaint * * * as is contained in paragraphs 4, 5 and 6," and moved the Court in the same pleading "to strike said paragraphs out of the complaint, upon the ground that they are improperly united to the real cause of action, are irrelevant thereto, (and) redundant. * * * " The demurrer was overruled, and the motion to strike out was refused in a short order, and the appeal is from it.

Whether the defendant's procedure be considered a demurrer or a motion to strike out irrelevant and redundant matter, there is no reversible error in the order of the Circuit Court. The complaint pleads many circumstances; that is often so in a suit in equity, and especially where the construction of a will is involved, and where an estate is to be administered. The prime object of the suit is for instructions by the Court towards the administration of the estate according to the terms of the will. Incident to that, and as a suggested difficulty towards administration, the complaint alleges that the two executors are not agreed about some matters, and these differences are the things alleged in paragraphs 4, 5 and 6. These allegations do not in any view state a cause of action; they are part of the whole story which the plaintiff recites. Demurrer, therefore, does not lie to them, of course.

Turning to the other issues before stated, even though the things alleged in the three paragraphs are irrelevant, and we express no opinion about that, the refusal of the Court to strike them out is not appealable. The question of the relevancy and the competency of the allegations, when they come to be proven, can then be decided. What is relevant and competent in an equity case can best be judged of when all the testimony is in. Then that which is competent and relevant may be considered, and that which is of contrary character may be rejected. *Allen v. Cooley,* 60 S. C. 370, 38 S. E. 622; *Alexander v. DuBose,* 73 S. C. 21, 52 S. E. 786.

Appeal is dismissed.